**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Driesen, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| The Receivable Management Services Corporation dba RMS, | |
| Defendant. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this

district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Kimberly Driesen ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Mohave, and City of Fort Mohave.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, The Receivable Management Services Corporation dba RMS ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Plaintiff sent Defendant written communication dated September 3, 2010 via certified mail demanding that Defendant cease and desist all telephonic communication with Plaintiff.

14. Despite this demand, Defendant continued to place telephone calls to Plaintiff, including, but not limited to, the following dates and times: September 7, 2010 @ 6:35 P.M., September 8, 2010 @ 3:09 P.M., September 9, 2010 @ 6:25 P.M., September 9, 2010 @ 6:33 P.M., September 13, 2010 @ 6: 12 P.M., September 13, 2010 @ 6:26 P.M., September 13, 2010 @ 7:15 P.M., September 13, 2010 @ 7:37 P.M., September 13, 2010 @ 8:12 P.M., September 13, 2010 @ 8:30 P.M., September 14, 2010 @ 4:41 P.M, and September 18, 2010 @ 8:46 A.M. (15 U.S.C. § 1692c(a)(1), § 1692d(5)).

15. Defendant placed non-emergency calls to Plaintiff's cellular telephone on September 3, 2010 @ 3:11 P.M., September 3, 2010 @ 6:15 P.M., September 7, 2010 @ 6:35 P.M., September 8, 2010 @ 3:09 P.M., September 9, 2010 @ 6:25 P.M., September 9, 2010 @ 6:33 P.M., September 13, 2010 @ 6: 12 P.M., September 13, 2010 @ 6:26 P.M., September 13, 2010 @ 7:15 P.M., September 13, 2010 @ 7:37 P.M., September 13, 2010 @ 8:12 P.M., September 13, 2010 @ 8:30 P.M., September 14, 2010 @ 4:41 P.M, and September 18, 2010 @ 8:46 A.M. without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice. (47 U.S.C. 227(b)(1)(A)(iii)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I--FDCPA

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II-TCPA

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 17th day of December, 2010

        By: s/ Marshall Meyers
        Marshall Meyers (020584)
        WEISBERG & MEYERS, LLC
        5025 North Central Ave., #602
        Phoenix, AZ 85012
        602 445 9819
        866 565 1327 facsimile
        mmeyers@AttorneysForConsumers.com
        Attorney for Plaintiff